UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

      v.                                  **ORDER**

NILO ARNALDO PENA DELGADO,        1:19-CR-00124 EAW

               Defendant.

───────────────────────────────

Pending before the Court is a motion filed by defendant Nilo Arnaldo Pena Delgado (hereinafter "Defendant") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) because of the COVID-19 pandemic. (Dkt. 37). The Government opposes Defendant's motion. (Dkt. 39). Likewise, in a memorandum submitted to the Court on May 14, 2020, the United States Probation Office communicated its opposition to the motion.

The compassionate release statute, as amended by the First Step Act, provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A). This Court has concluded that § 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule, not a jurisdictional prerequisite, but its exhaustion

- 1 -

requirements are nonetheless mandatory and may not be excused by the Court except under limited circumstances.  *See United States v. McIndoo*, __ F. Supp. 3d __, 2020 WL 2201970, at *5-9 (W.D.N.Y. May 6, 2020); *United States v. Wen*, No. 6:17-CV-06173, __ F. Supp. 3d __, 2020 WL 1845104, at *4-7 (W.D.N.Y. Apr. 13, 2020).  One such limited exception is where the Government waives the exhaustion requirement, as it has done in other cases, both within and outside this Circuit, including in this District.  *See, e.g.*, *United States v. Pinkerton*, No. 15-cr-30045, 2020 WL 2083968, at *1 (C.D. Ill. Apr. 30, 2020); *United States v. Park*, No. 16 cr. 473 (RA), Dkt. 73 at 3 (S.D.N.Y. Apr. 24, 2020); *United States v. Thorson*, No. 5:16-CR-00017-TBR, 2020 WL 1978385, at *2 (W.D. Ky. Apr. 24, 2020); *United States v. Gileno*, No. 3:19-CR-161-(VAB)-1, 2020 WL 1916773, at *5 (D. Conn. Apr. 20, 2020); *United States v. Jason Haynes*, Case No. 6:18-CR-6015, Dkt. 271 at 1 (W.D.N.Y. Apr. 14, 2020); *United States v. Knox*, No. 15-cr-445 (PAE), Dkt. 1088 at 1 (S.D.N.Y. Apr. 10, 2020); *United States v. Gentille*, No. 19-cr-590 (KPF), Dkt. 34 at 8 (S.D.N.Y. Apr. 9, 2020); *United States v. Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 at 2 (S.D.N.Y. Apr. 6, 2020); *United States v. Jespen*, No. 19-cr-73 (VLB), Dkt. 41 at 1 (D. Conn. Apr. 1, 2020); *United States v. Marin*, No. 15-cr-252-8 PKC, Dkt. 1326 (E.D.N.Y. Mar. 30, 2020); *United States v. Powell*, No. 94-cr-316 (ESH), Dkt. 98 at 1 (D.D.C. Mar. 28, 2020); Notice of Joint Submission by USA, *United States v. Doostdar*, No. 18-cr-255 (PLF), Dkt. 129 at 2 n.1 (D.D.C. Apr. 3, 2020).  However, in this case, the Government objects to the Court's consideration of the motion because Defendant has failed to comply with the administrative exhaustion requirements of the statute.  (Dkt. 39 at 4-6).

The record before the Court establishes that Defendant has failed to comply with the administrative exhaustion requirements and submit a request for release, in the first instance, to the Bureau of Prisons. To be clear, Defendant must first file a request for compassionate release with the warden of the facility where he is housed—after thirty (30) days, he may then seek judicial intervention regardless of whether he has received a response from the warden or otherwise exhausted his administrative remedies. Accordingly, the Court must deny Defendant's motion (Dkt. 37) without prejudice. Defendant may renew his request thirty (30) days after submitting a request to the warden, and in any subsequent motion, he should provide proof of his submission of the request to the warden.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:   May 20, 2020
         Rochester, New York